# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

OFFICE AND PROFESSIONAL
EMPLOYEES INTERNATIONAL
UNION, LOCAL 109, and OFFICE
AND PROFESSIONAL EMPLOYEES
INTERNATIONAL UNION,
                Plaintiffs,

    v.                                          Case No. 09C0982

AIR METHODS CORPORATION,
                Defendant.

## DECISION AND ORDER

Plaintiffs seek an award of attorneys fees for pursuing an action to enforce an arbitrator's award in the above action. Section 3 of the Railway Labor Act ("RLA") 45 U.S.C. § 153(p) provides for the award of attorney fees to a successful petitioner for enforcement. However, when Congress extended the RLA to the airline industry, it excepted § 153. 45 U.S.C. §§ 181, 182. Plaintiffs concede that the language of § 181 and § 182 forecloses an award of attorney fees under § 153 First (p) against air carriers. However, they contend that I may award fees under International Association of Machinists v. Central Airlines, 372 U.S. 682, 696 (1983) and Association of Flight Attendants v. Republic Airlines, Inc., 797 F.2d 352 (7th Cir. 1986). Central Airlines determined that federal courts had jurisdiction over an action to enforce an award made by an airline board of adjustment because it raised a federal question. 372 U.S. at 696. Republic Airlines determined that an air carrier was time barred from objecting to an arbitrator's jurisdiction. 797 F.2d at 356-358. Neither case discussed attorney fees nor extended § 153 to the

airline industry. Thus, plaintiffs are unable to point to a statutory or contractual basis for an award of attorney fees. Therefore, I will deny their motion for an award of fees. See Travelers Cas. & Sur. Co. of Am. v. PG&E, 549 U.S. 443, 448 (2007) (attorney fees not ordinarily recoverable absent a contractual or statutory provision providing for their recovery).

Defendants argue that plaintiffs' motion for fees is frivolous and that pursuant to Fed. R. Civ. P. 11, I should impose sanctions. Rule 11 does not authorize an award of sanctions simply because a party does not prevail on a motion. Mars Steel Corp. v. Cont'l Bank N.A., 880 F.2d 928, 932 (7th Cir. 1989). Rather, a court may sanction a lawyer or party if their legal contentions are unwarranted "by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2), (c). An argument is frivolous when baseless or made without a reasonable and competent inquiry. Berwick Grain Co., Inc. v. Ill. Dep't of Agric., 217 F.3d 502, 504 (7th Cir. 2000). In deciding whether to impose sanctions, I "must undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." Cuna Mut. Ins. Soc. v. Office and Prof'l Employees Int'l Union, Local 39, 443 F.3d 556, 560 (7th Cir. 2006).

Plaintiffs' motion for attorney fees is neither baseless nor made without reasonable and competent inquiry. Reviewing the applicable case law, and noting the absence of any case law on the subject in this circuit, I am satisfied that plaintiffs reasonably believed that their position had merit and that it was not groundless. Therefore, I will deny defendant's motion for sanctions.

For the reasons stated,

**IT IS ORDERED** that plaintiffs' motion for attorney fees is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for sanctions is **DENIED**.

Dated at Milwaukee, Wisconsin this 20th day of April, 2011.

/s_____
LYNN ADELMAN
District Judge